### Failure to display certificate

"Sec. 4. The failure of any person, firm, corporation, common carrier or association engaged in any of the businesses described in this Act, to display at the place where any of the operations of such businesses are being conducted, a valid health or registration certificate, as required by this Act, for each person employed in, on, or about such place, shall be prima facie evidence that the said person, firm, corporation, common carrier or association, in violation of requirements called for by this Act, failed to require the exhibition of the pre-employment health certificate, of such person and failed to institute and have made of such person, actual and thorough examinations necessary to the findings of freedom from communicable diseases at intervals of time not exceeding six months.

### Penalty

"Sec. 5. Whoever violates any provision of this Act shall be fined in an amount not exceeding Two Hundred Dollars ($200). Each act or omission in violation of any of the provisions of this Article, shall constitute a separate offense and shall be punishable as hereinabove prescribed.

### Partial invalidity

"Sec. 6. If any provision, section or part of this Act is declared unconstitutional or held invalid, or the applicability thereof to any person or circumstances is held invalid, the constitutionality of the remainder of the Act and the application thereof to the persons and other circumstances shall not be affected thereby, and to this end the provisions of this Act are declared to be severable."

It is plain to see that this act makes it unlawful, first, for proprietors to work or employ employees with infectious or contagious disease; second, for proprietors to work employees who did not hand over to such employers valid health certificates; third, for proprietors failing to require physical examinations of employees; fourth, for manufacturers

or vendors of candies or manufactured sweets to sell to persons who do not have valid health certificates, or who do not have display cases as required by law, and fifth, against proprietors for failing to display certificates.

It is equally clear, however, that the act does not, by its terms, and in plain language, create offenses against either physician, employer or employee for improper or negligent issuance of health certificates.

There are certain definite rules of statutory construction, and other equally familiar rules governing the interpretation of criminal statutes to which we must adhere. As stated in 12 Texas Jurisprudence 228:

"The Penal Code provides that the design of enacting it is 'to define in plain language every offense'; that 'no person shall be punished for an offense which is not made penal by the plain import of the words of a law'; and that a penal law must be regarded as wholly inoperative if it is so indefinitely framed or of such doubtful construction that it cannot be understood, either from the language in which it is expressed or from some other written law of the state; and the Constitution guarantees to every citizen the right to know the nature and character of the accusations against him."

On page 224 of the same took, it is said:

"To warrant a conviction the act or omission must be plainly and unmistakatly within the definition of the statute, and within both the letter and spirit of the law, and if there is any fair doubt whether the statute embraces it, that doubt must be resolved in favor of the accused. There can be no constructive offenses, and where the statute expressly limits the punishment to certain classes of persons, or for the doing of certain acts, only those brought by the facts within such definition are amenable . . ."

In our conversation with you, you stated that it was your idea that perhaps these physicians who were guilty of the practices indicated, could be punished or made amenable to the punishment provided in Article 705-C, Vernon's Annotated Penal Code, by holding them guilty as accomplices or accessories.

We believe that it will only be necessary to set forth the definition of "accomplice" and "accessory" as contained in Article 70 and Article 77 of the Penal Code.

Article 70 reads as follows:

"An accomplice is one who is not present at the commission of an offense, but who, before the act is done, advises, commands or encourages another to commit the offense; or

"Who agrees with the principal offender to aid him in committing the offense, though he may not have given such aid; or,

"Who promises any reward, favor or other inducement, or threatens any injury in order to procure the commission of the offense; or

"Who prepares arms or aid of any kind, prior to the commission of an offense for the purpose of assisting the principal in the execution of the same."

Article 77 of Vernon's Annotated Penal Code, in defining an accessory, reads in part as follows:

"An accessory is one, who, knowing that an offense has been committed, conceals the offender, or gives him any other aid in order that he may evade an arrest or trial or the execution of his sentence . . ."

You are therefore respectfully advised, and it is the opinion of this Department, that Article 705-C of Vernon's Annotated Penal Code, does not create an offense for which physicians may be prosecuted for the negligent or improper issuance of health certificates; nor may such physicians be prosecuted as accomplices or accessories.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 4, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch
Walter R. Koch
Assistant

By